





March 27, 2020

Mr. Murphy,

I have copied and pasted below the email from your co-counsel dated, February 20, 2020, and I have provided answers to his questions in red. I will send links to all of your client's case files in an additional email. You will have access to download information throughout the weekend. If you need additional time, please let me know how long you need.

Regarding your letter dated, March 26, 2020, the University typically does not consult with parties when scheduling hearings. As a courtesy, I did attempt to consult with your co-counsel to determine a date for rescheduling the hearing which was originally scheduled for February 26, and they recommended March 23. Given that you, your co-counsel, and your client will have had more than six weeks to prepare for this hearing, I see no reason to delay any further. Please let me know a day and time you are available the week prior to the hearing so I can schedule a pre-hearing meeting. If you and your client choose to waive your right to this meeting please confirm via email.

Regards,
Amber D. Morgan

---

Ms. Morgan,

We wanted to follow-up regarding a few issues we discussed today during the pre-hearing meeting. This is not intended as an exhaustive list as I'm only touching on a couple of points we discussed.

We requested all information provided to the hearing officers/panel both about this case and about Title IX in general. I believe you said all panel members went through Title IX "training." We are requesting this "training" information as well. We would also like to have the information about how these hearing officers/panel members were selected. The University compiles a pool of hearing panel members from University faculty and staff. The final pool is then submitted for approval by the President of the University. The pool is provided training using a variety of resources from locally and nationally accredited organizations such as ATIXA. The ATIXA materials are available on the company's website. There are two pool members who are trained

to act as the chair/hearing officer. Currently, one of those is away from the University on maternity leave so Jeffery Hopper will be the chair of the hearing for your client. The remaining two panel members are selected as follows. For any given hearing, a date is circulated among the panel members and those who can attend report so. If more than two members of the panel pool are available, two members of the panel are randomly drawn.

To be clear, we have not been provided with a significant amount of information/evidence which would assist our client in defending against these allegations. We discussed with you how numerous photographs were available to the University but were not used nor provided to our client. An example of these photographs are at the bottom of the photographs you submitted to us.Also, you provided us with clips of information without the surrounding context. An example is the supposed six minute phone call. There is no call log or any other information. You can understand the concern with this supposed phone call when the witness statements do not mention this call in any way. Actually, there are witness statements that contradict the phone call even occurred.It is very unfair to cherry pick evidence against our client when the complete context is missing. We need all the missing information/evidence to properly defend these false allegations. There is no missing information/evidence. The Title IX office has shared all information/evidence that was submitted to it.

Also, we would like to speak to the University's legal counsel. Specifically, we wish to be put into contact with the attorney who plans on attending the hearing. The Title IX office works with off campus counsel at Sturgill, Turner, Barker, and Maloney. You are welcome to speak with Bryan Beauman.

We would like the investigators to be available as witnesses for our client as well. You stated the request for the investigators to be witnesses at the hearing must be in writing. Please accept this as our written request for the investigators to be available to testify at the hearing. Investigators Ashley Coons and Jason Cooper will be available for the hearing.

You stated the appeal board members were also trained extensively. Please grant us access to all their training information. Please see my answer above.

As I understand it per your statement, when a witness/reporting party has a history of false allegations, my client is not allowed to bring this fact forward as it is character evidence. Is this still correct? Please provide the definition of "character evidence" which is subject to exclusion. The University's "character evidence" is defined differently than my legal teachings or understanding. I would think if a person is willing to lie, this is evidence a finder of fact should know about. We will obviously defer to the University's policy. Please inform me on all other potential exclusionary reasons. Also, please provide me the definitions for the exclusions so we can stay within the University's guidelines. Questions can be asked that are relevant to the case.

You also gave us a deadline to submit potential questions for the cross examination of witnesses at the hearing. This deadline Monday, which is two days prior to the hearing. How is our client expected to submit questions prior to testimony? The questions depend on what the witness says at the actual hearing. The University is willing to modify its hearing procedures to follow the proposed Title IX regulations concerning cross-examination, provided the questions are relevant.

Finally, you (and now the Dean) have now been informed for the third time of our client being sexually assaulted. You have not acted upon this information in any way. In fact, you required our client to file a formal complaint in order for the issue to be brought forward. My client is male. My client's assailant is female. You did not require the female assailant to file a formal complaint to start an investigation into our male client. In fact, an investigation was started by your office on a referral from a third party. You have different standards between male and female complainants. For our male client, you require formalities to start an investigation, despite your office having repeated information of the assault. For the female complainant, you required nothing of her to start an investigation.This is a blatant violation of Title IX. Please review the case history you have provided us. You will easily find the disparate treatment between male and female students by your office. The report by your client has been addressed as has an additional report made against your client. The University does not discriminate based on gender and/or sexual identity or orientation. Please refer to correspondence with your co-counsell for further information on this topic.

Please provide us the above information, so my client can be properly prepared for the Title IX hearing.