**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| JOHN DOE, | Case No. 5:20-cv-00145-DCR |
|     Plaintiff, | |
| | Judge Danny C. Reeves |
| v. | |
| | **MEMORANDUM IN SUPPORT** |
| TRANSYLVANIA UNIVERSITY, | **OF MOTION FOR** |
| | **EXPEDITED DISCOVERY** |
|     Defendant. | |

The Plaintiff, John Doe ("Doe"), by and through his undersigned counsel, respectfully submits the following Memorandum in Support of Motion for Expedited Discovery.

Currently pending before the Court is Doe's Emergency Motion for a Temporary Restraining Order, which asks the Court to restrain and prohibit the Defendant, Transylvania University (the "University"), from proceeding with a Title IX hearing that is currently scheduled to commence on April 15, 2020.  As the Court is well aware, pursuant to Fed. R. Civ. P. 65(b)(2), a restraining order is limited to a maximum duration of 14 days, unless otherwise extended by the Court.

The University denied Doe's request to postpone the hearing.  Thus, the University will continue its attempts to proceed with the April 15th hearing unless Doe can obtain an injunction. To that end, Doe needs to conduct discovery on an expedited basis in order to obtain the evidence necessary to put before the Court in the injunction hearing.

Under Fed. R. Civ. P. 26(d)(1), Doe is prohibited from seeking "discovery from any source until the parties have conferred as required by Rule 26(f), except…when authorized…by court order."  As the Court will see and hear in the Temporary Restraining Order and injunction hearing, the University has already violated Doe's due process rights in several ways.  He was thrown out

of his dorm residence without any hearing.  And the "investigation" has been seriously flawed.  In spite of bringing these and other mistakes to the University's attention, it has made it clear that they have no intention of remedying these mistakes.  Rather, the University wrongfully intends to proceed with a Title IX hearing as expeditiously as possible.  In addition, it plans to do so without affording Doe the opportunity to secure the evidence and testimony he needs to adequately defend himself.

There are a number of depositions and documents that Doe needs before an injunction hearing.  For instance, Doe will need, at a minimum, to take the deposition of his accuser to get answers to all of the questions that remain unanswered as a result of the University's faulty investigation.  Doe will also need to take the deposition of the two investigators who conducted the investigation to determine everything that did take place (and conversely, what did not take place).  Lastly, Doe will need to take the deposition of the Title IX coordinator and/or a 30(b) of the University to determine who oversaw the entire investigation (including the University's failure to conduct an investigation with respect to Doe's complaint).  Doe also needs a physical copy of the evidence in the University's possession, without redactions or time restraints on Doe's ability to access those materials.

"Expedited discovery may be granted upon a showing of good cause."  *Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222, *1 (S.D. Ohio Nov. 30, 2012) (internal citation omitted).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.* (internal citation and quotations omitted).  Two of the considerations a court considers when determining whether good cause exists is whether the scope of the proposed discovery is narrowly tailored, and whether the expedited discovery would substantially contribute to moving the case forward.  *Id.*

(internal citations omitted).

The expedited discovery sought by Doe is certainly limited in scope.  He is seeking to take the depositions of four individuals, and is asking (although he never should have had to) for a physical copy of the evidence the University has compiled during its investigation, and any information that it may use against Doe at any Title IX hearing.  These are certainly narrow requests, and had the University conducted an appropriate investigation, Doe would not have to ask this Court to obtain the information, because if they acted properly, there would be no Title IX hearing against Doe.

Thus, Doe requests that the University be ordered to do as follows:  Answer the Complaint in 7 days; produce for deposition within 10 days all persons who took part in the investigation of Doe's accuser, as well as those who decided not to pursue Doe's Title IX charge against his accuser; produce the home address for the accused by April 7, 2020 so a subpoena can be issued for deposition; to produce by April 8, 2020 all documents relating to the investigation of the accusations against Doe; produce all the evidence the University plans to use at a Title IX hearing if one ever occurs; to produce all emails and other relevant documents that show not only the investigation, but the reasons why the University charged Doe.

Of course, if the University would agree to at the very least postpone the hearing until June, these deadlines could be extended.

Based on the foregoing, Doe respectfully requests that the Court expedite discovery in this matter for the purpose of taking depositions, and to obtain the above documents relating to this matter.

Respectfully submitted,

*/s/ Kevin L. Murphy*
Kevin L. Murphy (KBA #50646)
MURPHY LANDEN JONES PLLC
2400 Chamber Center Drive, Suite 200
P.O. Box 17534
Fort Mitchell, KY  41017-0534
Telephone: (859) 578-3060
Fax: (859) 578-3061
KMurphy@MLJfirm.com
*Counsel for Plaintiff*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served on the following, who has agreed to accept service on behalf of the University, via email this 7th day of April, 2020:

Bryan H. Beauman
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
BBeauman@sturgillturner.com

/s/ Kevin L. Murphy
Kevin L. Murphy

5